FILED

2017 APR -3 AM 9: 33

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| LARRY ARTHUR McGOWAN, | ) | CASE NO. 1:17 CV 190 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL E. JACKSON, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Larrry Arthur McGowan, a state prisoner, has filed an *in forma pauperis* civil rights complaint in this action for "default" against eleven defendants, who all appear to be judges (Defendants Michael E. Jackson, Judy Hunter, and Michael Astrab), prosecutors (Defendants Timothy J. McGinty, Richard S. Kasay, and Sherri Bevan Walsh), or attorneys who represented him (Defendants Linda Hricko, Mary Tylee, and Fernando Mack) in state criminal cases. (*See* Doc. No. 1.) In his complaint, he simply asserts that he is a "sovereign entity" and sent an "administrative notice" to each person, to which they did not respond. (*Id*. at 3-4.) The relief the plaintiff seeks is that "the people involved fulfil [sic] their duties given to them, and that was agreed upon by them." (*Id*. at 5). The plaintiff has attached to his complaint an incomprehensible sixty-three page "Affidavit of Notary Presentment." He has also filed a "Motion of Default with Exhibits," asking for "Remedy in Admiralty." (Doc. No. 3.)

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (*per curiam*); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), federal district courts are required, under 28 U.S.C. §§1915(e)(2)(B) and 1915A, to screen *informa pauperis* actions and actions in which prisoners seek redress from governmental officers or employees, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

Upon this review, the Court finds that the plaintiff's action must be summarily dismissed.

In order to survive a dismissal for failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Hill*, 630 F.3d at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under §§1915(e) and 1915A). Although courts are required generally to construe *pro se* complaints liberally, "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Neither the plaintiff's complaint, nor his "Affidavit of Notary Presentment," even liberally construed set forth intelligible allegations reasonably suggesting he might have a plausible federal civil rights or other claim against any of the defendants.

Furthermore, all of the defendants are immune from suit or cannot be sued for damages in a civil rights action in connection with their involvement in state criminal proceedings in any

event. *See, e.g.*, *Barnes v. Winchell*, 105 F.3d 1111, 1115-16 (6th Cir. 1997) (addressing absolute judicial immunity); *Imbler v. Pachtman*, 424 U.S. 409, 428-431 (1976) (addressing prosecutorial immunity); *Jordan v. Kentucky*, No. 3: 09 CV 424, 2009 WL 2163113, at *4 (6th Cir. July 16, 2009) (public defenders and defense attorneys cannot be sued in performing functions as counsel).

## Conclusion

Accordingly, for the reasons stated above, this action is dismissed pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A. The plaintiff's motion for default is denied as moot. The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

_____
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE